KYLE J. KAISER (13924)
Assistant Utah Attorney General
JOHN E. SWALLOW (5802)
Utah Attorney General
160 East 300 South, Sixth Floor
PO BOX 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
E-mail: kkaiser@utah.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JOHN BOOTH,<br><br>         Plaintiff,<br><br>v.<br><br>DR. RICHARD GARDEN and DR. KENNON TUBBS,<br><br>         Defendants. | **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:14-cv-00197 RJS<br><br>Judge Robert J. Shelby |

## MOTION

Defendants Richard Garden and Kennon Tubbs, ("Defendants"), by and through counsel Kyle J. Kaiser, Assistant Utah Attorney General, move, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 56, to dismiss or alternatively for summary judgment of Plaintiff John Booth's Civil Rights Complaint. The Court should dismiss the claim because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

Accordingly, and for the reasons stated in the accompanying Memorandum, Plaintiff's Civil Rights Complaint should be dismissed, with prejudice.

## MEMORANDUM

### INTRODUCTION AND FACTUAL BACKGROUND

1. Plaintiff John Booth, a prisoner at the Utah State Prison-Draper, has filed a Civil Rights Complaint (Doc. 6) against Dr. Richard Garden and Dr. Kennon Tubbs alleging Defendants denied medication for Plaintiff's allegedly diagnosed diabetes.

2. Plaintiff claims that about 3 years before he filed his Complaint he had been tested for diabetes by Dr. Tubbs, claims that he was in fact diabetic, and alleges that Dr. Tubbs denied him an unspecified diabetes drug. (See Compl.)

3. Inmate Booth filed three medical grievances before May 13, 2014, the day the Complaint in this case was filed.

(a) Grievance '31803[1], related to Inmate Booth's request to see a medical specialist for his finger, was resolved at Level One.

(b) Grievance '79053, originally submitted March 9, 2011, in which Inmate Booth alleged that medical technicians at the prison were removing his medications off of the pill cart and taking them themselves, was fully exhausted and denied at Level Three. Though the Level Three grievance mentioned a conversation with Dr. Tubbs about missing medication, neither the Level One nor Level Two grievance mentioned Dr. Tubbs or Dr. Garden or alleged that either physician was failing to treat Inmate Booth's alleged diabetic symptoms.

---

[1] The Grievances attached to the Declaration of Billie Casper have been redacted to protect the inmate's privacy for safety concerns. Unredacted documents are available upon request.

(c) Grievance '75751, originally submitted May 29, 2010, in which Inmate Booth alleged that he was being denied unidentified medications, causing harm including seizures.  After the Level One denial, Inmate Booth filed a Level Two appeal.  The Level Two appeal was denied.  After the Level Two appeal was denied, Inmate Booth did not file a Level Three appeal. (Decl. of Billie Casper attached hereto, ¶ 18 & Casper Exs. 2-4.)

4. The Utah State Prison has a three-level grievance process, the first level of which is initiated by an inmate filing a grievance within seven working days of an incident, or within seven working days of the time the inmate knew or should have known about a grievable incident, and concludes with a Level Three appeal to the Department of Corrections Hearing Office.  (*Id.* ¶¶ 8; Utah Dep't of Corrections Grievance Policy FDr02/03.03, attached as Exhibit 1 to Casper Decl.)   Failure to exhaust all three levels of review precludes the inmate from seeking judicial relief.  (Casper Decl. ¶¶ 6, 15; Grievance Policy FDr02/03.02.)

## LEGAL STANDARD

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  In reviewing a 12(b)(6) motion to dismiss, the court assumes the truth of well-pleaded facts and draws reasonable inference in a light most favorable to the plaintiff. *E.g.*, *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).  But a claim survives only if "there is plausibility in the complaint."  *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations and quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

3

Threadbare recitals of elements, facts "merely consistent" with liability, "labels and conclusions," or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient. *Iqbal*, 556 U.S. at 678; *Leverington*, 643 F.3d at 723 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010) (citations and quotations omitted); *Hall*, 584 F.3d at 863 (citations and quotations omitted).

In reviewing a motion to dismiss, the Court may rely on the facts as alleged in the complaint, but may also rely on all documents adopted by reference in the complaint, documents attached to the complaint, or facts that may be judicially noticed. *See* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). Published administrative rules and regulations are appropriate for judicial notice. *See, e.g.*, *City of Wichita, Kan. v. U.S. Gypsum Co*, 72 F.3d 1491, 1496 (10th Cir. 1996) (allowing OSHA regulations to be judicially noticed as "a social fact with evidential consequences").

Although a prisoner's failure to exhaust administrative remedies is an affirmative defense, *see* *Jones v. Block*, 549 U.S. 199, 215 (2007), the Tenth Circuit has recognized that a district court "can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his remedies." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Furthermore, because failure to exhaust may be raised in the defendant's pleadings, the Tenth Circuit has permitted courts to review policies and procedures presented as part of a *Martinez* report in general, and the facts related to grievances in particular, in determining the propriety of a motion to dismiss. *Hall v. Bellmon*, 935 F.2d 1106, 1112–13 (10th Cir. 1991); *Russell v. Lincoln*, No. 07-7081, 267 F. App'x 785, 787 (10th Cir.

Feb. 29, 2008) (ord. & j. not selected for publication) (affirming dismissal of § 1983 complaint on exhaustion grounds, and noting the issue was properly presented "because defendants raised the issue of exhaustion in their responsive pleadings" and relying on "the face of the complaint and materials submitted by the parties").[2]

## LEGAL ARGUMENT

I. **CLAIM IS BARRED BECAUSE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e, requires, among other things, that prisoners exhaust any prison administrative remedies before filing suit:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  [T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, ... whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, (2002). Thus, "prison conditions" include claims of deliberate indifference to serious medical needs, protected by the Eighth Amendment. *See, e.g.*, *Acosta v. U.S. Marshals Serv.*, 445 F.3d 509, 511 (1st Cir. 2006) ("'Prison conditions' under [§ 1997e(a)] include individual instances of medical mis-or non-treatment …."); *Russell v. Lincoln*, No. 07-7081, 267 F. App'x 785, 787 (10th Cir. Feb. 29, 2008) (ord. & j. not selected for publication) (affirming dismissal of § 1983 "medical malpractice" claim for failure to exhaust administrative remedies);

---

[2] Should the Court nonetheless believe it is inappropriate to consider matters outside Plaintiff's Complaint on a Motion to Dismiss, Defendants respectfully request that the Court convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). In that case, it is clear that there are no genuine issues of material fact that Plaintiff did not file a grievance and exhaust his administrative remedies, and that Defendants are thus entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

*Feuer v. McCollum*, No. 04-3406, 139 F. App'x 928, 930 (10th Cir. 2005) (ord. & j. not selected for publication) (affirming dismissal of deliberate indifference § 1983 claim for failure to exhaust administrative remedies).

It is clear from the face of Plaintiff's complaint, as well as the supplementary materials, that Plaintiff did not exhaust his administrative remedies. Plaintiff filed his complaint on May 13, 2014, (Compl. (doc. 6) at 1.) He alleges that "three (3) years ago, plaintiff was tested for diabetes by Defendant Tubbs" and that Defendants Garden and Tubbs failed "to provide medical treatment to the plaintiff for his diabetic condition." (*Id.* ¶¶ 7–8.)

One of his grievances, number '79053, filed about "three years ago" (meaning May 2011) alleged only that medical technicians were stealing his medication. (Casper Ex. 3.) The basis of his Level Two appeal of the grievance was the "Same …." (*Id.* at 4.) In his Level Three appeal, Plaintiff again mentions that his meds are "been getting taking & are getting denial to me every time. [I] talk [about] this [to] Tubs he tells me [I]'m crazy." (*Id.* at 6.) Though Plaintiff mentions his diabetes medication specifically (at the Level Three grievance only), he never claims that Defendants failed to treat him; merely that he was not getting his prescribed medications. (*Id.*)

The only other relevant grievance, number '75751, submitted by Plaintiff in 2010, alleges that "you are den[ying] me my meds. And these are life threatening meds.…" (Casper Decl. Ex. 4.) This grievance was not appealed to Level Three. (Casper Decl. ¶ 18(c).)

The Utah Department of Corrections has a formalized, three-step grievance process, and failure to follow through with all of the steps precludes filing a civil rights action. (Casper Decl. Ex. 1, Grievance Policy FDr02/03.02.) While the Plaintiff did file grievances, the earlier

grievance was not appealed to Level Three, and the later-filed grievance did not mention any lack of medical treatment from Dr. Tubbs or Dr. Garden. Plaintiff's failure to comply with the Prison's grievance procedure precludes any § 1983 lawsuit, 42 U.S.C. § 1997e(a).

## CONCLUSION

Plaintiff did not properly exhaust administrative relief in either of the potentially grievances he filed. Accordingly, Defendants respectfully request that the Court grant Defendants' Motion and dismiss Plaintiff's Civil Rights Complaint with prejudice.

DATED this 6th day of September, 2016


                    SEAN REYES
                    Utah Attorney General


                    /s/ Kyle J. Kaiser
                    Kyle J. Kaiser
                    Assistant Utah Attorney General
                    Attorneys for Defendants

## CERTIFICATE OF MAILING

I certify that on September 6, 2016, I electronically filed the foregoing **MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND MEMORANDUM IN SUPPORT**, using the Court's CM/ECF system and I also certify that a true and correct copy of the foregoing was sent by United States mail, postage prepaid, to the following:

John Booth #65832
Utah State Prison
PO Box 250
Draper, UT 84020-0250


/s/ *Mandi Bartlett*