IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN BOOTH,<br><br>              Plaintiff,<br><br>v.<br><br>RICHARD GARDEN et al.,<br><br>              Defendants. | **MEMORANDUM DECISION & ORDER DENYING MOTION TO RECONSIDER DISMISSAL**<br><br>Case No. 2:14-CV-197-RJS<br><br>District Judge Robert J. Shelby |

On December 30, 2014, the Court granted Plaintiff's first motion to re-open this case after it had been dismissed for failure to prosecute. (Docket Entry # 10.) The Complaint was served on Defendants.

On September 6, 2016, on the basis of Plaintiff's failure to exhaust his administrative remedies, Defendants moved to dismiss this case. On November 7, 2016, the Court issued an order to show cause as to why the case should not be dismissed for Plaintiff's failure to respond to the motion to dismiss and to prosecute this case. On April 13, 2017--after more than seven months of Plaintiff's nonresponsiveness to the Defendants' motion to dismiss--the Court dismissed the complaint (a second time) for failure to prosecute.

Another three months later, on July 10, 2017, Plaintiff moved the Court to set aside the dismissal. His motion was one paragraph, noting that he had taken "so long to respond because . . . waiting for the contract attorneys now they are refusing to help me but my complaint was dismissed because they said all three grievances was not filed and it clearly show they were. There for this lawsuit should of never been dismissed. [sic]" (Docket Entry # 29.)

"A litigant whose claim has been dismissed [for failure to prosecute] could file a motion [for] relief from the judgment under Rule 60(b)." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). Though not styled as such, it appears that Plaintiff's motion is just that. *See Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012) (recognizing court must generously construe *pro se* complaints). Rule 60(b) allows a court to "relieve a party . . . from a final judgment" on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). The moving party must show the grounds warranting relief. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011).

Factors showing "excusable neglect" include danger of prejudice to opposing party, length of and reasons for delay, impact on judicial proceedings, whether movant acted in good faith, and underlying merits of claims. *E.g., Jennings v. Rivers*, 394 F.3d 850, 856-57 (10th Cir. 2005). "[F]ault in the delay [is] perhaps the most important factor. *Id.* And "[c]arelessness by a litigant . . . does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

Here, Plaintiff neither states nor supports any of the factors to be considered. He says prison contract attorneys would not help him but he does not state how that prevented him from responding to the Court in any way. Though he had a total of ten months to respond to the Motion to Dismiss, he remained silent the whole time. If he was working with contract attorneys, he could have told the Court, but he did not. None of this shows good faith. Prejudice may be inferred from the fact that both defendants have retired from the prison and their actions of which Plaintiff complains are about eight years old at this point. It can be inferred that memories and records have faded regarding the claim's details. Finally, the merits of Plaintiff's claims appear

thin based on Defendants' argument, supported by documentation, that Plaintiff failed to exhaust his administrative remedies. His unsupported assertion that he did exhaust does not persuasively refute Defendants' documentation.

IT IS HEREBY ORDERED that Plaintiff's motion to reconsider judgment is DENIED. (*See* Docket Entry # 29.)

This action remains CLOSED.

DATED this 22nd day of January, 2018.

BY THE COURT:

JUDGE ROBERT J. SHELBY
United States District Court